G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; (866) 397-2030
tom@plglawfirm.com

Attorneys for Plaintiff,
HEATHER ESGET

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ESGET,<br><br>  Plaintiff,<br><br>vs.<br><br>TCM FINANCIAL SERVICES LLC;<br>and DOES 1 to 10, inclusive,<br><br>  Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Heather Esget brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Heather Esget is an adult individual who resides in Mariposa, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant TCM Financial Services LLC is a limited liability company with offices in the State of California.

6. At all relevant times herein, Defendant NCO Financial Systems, Inc. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6), and the RFDCPA, Cal Civ Code § 1788.2(c).

## FACTS

7. Defendant is attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant repeatedly called Plaintiff at her place of employment at telephone number 209-228-7482 from 562-232-4284, 562-261-5236, and 323-201-0264 notwithstanding the fact that Plaintiff repeatedly advised Defendant that her employer prohibits Plaintiff from receiving such communications.

9. Defendant also constantly and continuously called Plaintiff at 559-760-4010.

10. Defendant faxed correspondence to Plaintiff at her place of employment demanding a phone call from Plaintiff (see Exhibit "A").

11. Defendant contacted Plaintiff's supervisor and disclosed that Plaintiff owes a debt.

12. Defendant's supervisor repeatedly advised Defendant not to call Plaintiff's place of employment any further but Defendant nonetheless persisted in repeatedly calling Plaintiff's place of employment.

13. Defendant threatened to file a lawsuit against Plaintiff, but has not done so and does not intend to do so.

14. Defendant falsely threatened Plaintiff that Defendant would garnish Plaintiff's wages, even though Defendant did not intend to and could not legally do so.

15. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I – FDCPA

16. Plaintiff incorporates paragraphs 1 - 15.

17. Defendant thereby violated the following provisions of the FDCPA:

    i) 15 U.S.C. §1692b(2);

ii)   15 U.S.C. §1692b(3);

iii)  15 U.S.C. §1692c(a)(3);

iv)   15 U.S.C. §1692c(b);

v)    15 U.S.C. §1692d(2);

vi)   15 U.S.C. §1692d(5);

vii)  15 U.S.C. §1692e(4);

viii) 15 U.S.C. §1692e(5);

ix)   15 U.S.C. §1692e(10);

x)    15 U.S.C. §1692e(11).

18. Sections 1692 b(2) and b(3) provide in pertinent part that :

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—**

**(2) not state that such consumer owes any debt;**

**(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

19. Sections 1692(c)(a)(3) and c(b) provide in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY.**
   Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction,
**(b) a debt collector may not communicate with a consumer in connection with the collection of any debt—**

...

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

...

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

20. Sections 1692d(2) and d(5) state in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

...

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Sections 1692e(4), e(5), e(10) and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any

person unless such action is lawful and the debt collector or creditor intends to take such action.

....

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

...

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

### COUNT II - RFDCPA

22. Plaintiff incorporates paragraphs 1 - 21.

23. Defendant thereby violated the following provisions of the RFDCPA:

   i) Cal. Civ. Code §1788.10(e);

   ii) Cal. Civ. Code §1788.11(d);

   iii) Cal. Civ. Code §1788.11(e);

   iv) Cal. Civ. Code §1788.12(a);

   v) Cal. Civ. Code §1788.13(j);

vi) Cal. Civ. Code §1788.17.

24. Sections 1788.10(e) states in pertinent part that :

**1788.10. No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:**

**...**

**(e) The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.**

25. Sections 1788.11(d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

**...**

**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

**...**

**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

26. Sections 1788.12(a) states in pertinent part that:

**1788.12. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

**(a) Communicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt, or unless the debtor or his attorney has consented in writing to such communication. A communication is necessary to the collection of the debt only if it is made for the purposes of verifying the debtor's employment, locating the debtor, or effecting garnishment, after judgment, of the debtor's wages, or in the case of a medical debt for the purpose of discovering the existence of medical insurance. Any such communication, other than a communication in the case of a medical debt by a health care provider or its agent for the purpose of**

discovering the existence of medical insurance, shall be in writing unless such written communication receives no response within 15 days and shall be made only as many times as is necessary to the collection of the debt. Communications to a debtor's employer regarding a debt shall not contain language that would be improper if the communication were made to the debtor. One communication solely for the purpose of verifying the debtor's employment may be oral without prior written contact.

27. Sections 1788.13(j) state in pertinent part as follows:

"1788.13. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

...

(j) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

28. Sections 1788.17 states in pertinent part as follows

"1788.17. Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

///

(3) Such other and further relief as the Court deems proper.

DATED: December 22, 2010

RESPECTFULLY SUBMITTED,

**PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HEATHER ESGET, demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, HEATHER ESGET, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HEATHER ESGET, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 11/30/10

_Heather Esget_
HEATHER ESGET, PLAINTIFF

VERIFIED COMPLAINT