# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ESGET, ) | 1:11-cv-00062 OWW GSA |
| Plaintiff, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| v. ) | **MOTION FOR DEFAULT JUDGMENT** |
| ) | **WITHOUT PREJUDICE** |
| TCM FINANCIAL SERVICES LLC; and ) | |
| DOES 1 TO 100, inclusive, ) | (Document 10) |
| ) | |
| Defendants. ) | |

Pending before this Court is Plaintiff Heather Esget ("Plaintiff")'s Motion to Enter Default Judgment against Defendant TCM Financial Services LLC in the amount of $18,630.47. (Doc. 10.)[1]  For the reasons that follow, this Court DENIES Plaintiff's motion without prejudice.

**RELEVANT PROCEDURAL BACKGROUND**

On January 12, 2011, Plaintiff filed a complaint against Defendant asserting violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (Doc. 1.)  A summons was issued to Defendant that same date.  (Doc. 4.)

---

[1] This Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g).  Therefore, the hearing scheduled for September 16, 2011, is hereby vacated.

1

On April 13, 2011, Plaintiff filed a Declaration of Service regarding service of the summons and complaint and related documents.  More particularly, the documentation indicates that process server Livingston A. Beckford of DDS Legal Support served Javier Jimenez, a "principal" of TCM Financial Services LLC, by way of substitute service on "RICHARD (DOE)," the person apparently in charge, at 5900 S. Eastern Avenue in Commerce, California, at 3:40 p.m. on March 22, 2011.  Richard Doe was further described as a Caucasian male, forty-five years old, 185 pounds, with black hair and brown eyes.  (Doc. 6 at 1.)  The following day, on March 23, 2011, Pam Miller of DDS Legal Support served the same documents via United States Mail to "Javier Jimenez, Principal, 5900 S. Eastern Ave., Commerce, CA 900401."  (Doc. 6 at 2.)

On May 5, 2011, the Clerk of the Court entered default against Defendant TCM Financial Services LLC, following Plaintiff's request.  (*See* Docs. 7-8.)

On August 17, 2011, Plaintiff filed the instant motion with this Court.  (Doc. 10.)

## DISCUSSION

In preparation for the hearing on the motion, this Court became concerned about the service of process employed in this action.  "[A] court must first assess the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 WL 2219595 at * 2  (N.D. Cal. June 2, 2010) (citations omitted).  Here, it has come to the Court's attention that the address used to effect service may be incomplete.  Further, the address used may not be the entity's principal place of business address.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>  (A) in the manner prescribed by Rule 4(e)(1) for servicing an individual; or
>  (B) be delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

2

appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; or
 (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Rule 4(e) provides the following:

> **Serving An Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>  (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age or discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff's proof of service indicates that her process server left copies of the summons and complaint, civil cover sheet, notice of interested parties, and other documents, with "Richard (Doe)" at "5900 S Eastern Ave in Commerce, California." (Doc. 6 at 1.) The Court's own investigation has revealed that a suite number has been omitted from the address for TCM Financial Services' business address in Commerce, to wit: Suite 130. *See, e.g.,* http://www.manta.com/c/mml8ljm/tcm-financial-services-llc. Further, a Google search of the address 5900 South Eastern Avenue in Commerce, California reveals at least a dozen businesses located in the same building. http://maps.google.com. Because substitute rather than personal service was effected, the Court is concerned the summons and complaint may not have found their way to Mr. Jimenez[2] or perhaps to any TCM Financial Services LLC employee, as no

---

[2] A Better Business Bureau ("BBB") report indicates Javier Jimenez is TCM Financial Services LLC's vice president, and that the business was founded in August 2003. Its BBB rating is "A-." http://www.la.bbb.org (TCM's company profile; company ID 100039732).

particular suite number appears on the declaration of service or on subsequent proofs of service by mail.

Moreover, the California Secretary of State's website provides a business entity detail on TCM Financial Services LLC that indicates the entity's address is 6766 Passons Boulevard, Suite C, in Pico Rivera, California 90660. It is also noted that Defendant's agent for service of process resigned effective April 4, 2011, according to the Secretary of State's website. *See* http://kepler.sos.ca.gov; *see also* http://www.bizfind.us.

Additionally, while the Court acknowledges that Plaintiff has provided a proof of service to the instant motion[3] indicating that she served Javier Jimenez as principal of TCM Financial Services LLC on August 17, 2011, the address lacks both a suite number and direction; it reads only "5900 Eastern Avenue" in Commerce, California. (*See* Doc. 10 at 4, 10-1 at 24, 10-2 at 8.)

**CONCLUSION**

Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend'" under Rule 55(a) of the Federal Rules of Civil Procedure. *See Downing v. Wanchek*, 2009 WL 256502 at *3 (E.D. Cal. Jan. 30, 2009). Moreover, one factor a court considers in a default judgment proceeding is the strong policy underlying a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Because this Court has doubts about the sufficiency of the service of process as outlined above, the motion is DENIED without prejudice to Plaintiff re-filing the motion and serving the amended motion[4] and accompanying papers on *both* complete addresses for TCM Financial Services LLC in Commerce and Pico Rivera, California.

---

[3] The Court is aware that the federal rules provide that no service is required on a party who is in default for failing to appear. Fed. R. Civ. P. 5(a)(2).

[4] The Court also notes that Plaintiff's points and authorities refer to "Local Rule 55-3" (Doc. 10-1), however, this Court's Local Rules commence at number 100. Plaintiff shall correct her amended pleading as necessary. Notably too, with regard to the claimed attorney's fees, counsel shall provide an itemized accounting of the claimed $3,367.00.

Lastly, Plaintiff shall file and properly serve any amended motion, to be noticed and heard before the undersigned, no later than September 30, 2011.

IT IS SO ORDERED.

Dated:   September 13, 2011                      /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE