IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ESGET,<br><br>    Plaintiff,<br><br>vs.<br><br>TCM FINANCIAL SERVICES, LLC;<br>and DOES 1 TO 100, inclusive,<br><br>    Defendants. | Case No.: 1: 11-cv-00062-AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR DEFAULT JUDGMENT<br><br>(Document 26) |

On May 11, 2012, Plaintiff Heather Esget ("Plaintiff") filed the present motion for default judgment against Defendant TCM Financial Services, LLC ("Defendant") (Doc. 26.). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for June 22, 2012. (Doc. 28.) For the reasons that follow, the Court DENIES Plaintiff's motion without prejudice.

**RELEVANT PROCEDURAL BACKGROUND**

On January 12, 2011, Plaintiff filed a complaint against Defendant asserting violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (Doc. 1.) A summons was issued to Defendant that same date. (Doc. 4.)

1

On April 13, 2011, Plaintiff filed a Declaration of Service regarding service of the summons and complaint and related documents.  The proof of service stated that process server Livingston A. Beckford of DDS Legal Support served Javier Jimenez, a "principal" of TCM Financial Services LLC, by way of substitute service on "RICHARD (DOE)," the person apparently in charge, at 5900 S. Eastern Avenue in Commerce, California on March 22, 2011.  The following day, on March 23, 2011, Pam Miller of DDS Legal Support served the same documents via United States Mail to "Javier Jimenez, Principal, 5900 S. Eastern Ave., Commerce, CA 900401."  (Doc. 6 at 2.)

On May 5, 2011, the Clerk of the Court entered default against Defendant TCM Financial Services LLC, following Plaintiff's request.  (Docs. 7-8.)  On August 17, 2011, Plaintiff filed a motion for default judgment with this Court.  (Doc. 10.)  On September 13, 2011, the Court denied Plaintiff's motion for default judgment.  (Doc. 14.)  The grounds for the Court's denial of Plaintiff's motion for default judgment were as follows: (1) a suite number was not provided for the S. Eastern Avenue address and, as such, the Court had reservations regarding the sufficiency of Plaintiff's substitute service; and (2) The California Secretary of State's website provided Defendant's address was 6766 Passons Blvd., Suite C, Pico Rivera, California 90660 - an address which was not served. (Doc. 14.).  The Court ordered Plaintiff to serve the complaint and summons on *both complete addresses* for Defendant no later than September 30, 2011.

On October 3, 2011, Plaintiff filed another motion for default judgment.  (Doc. 16.)  The proof of service attached to the motion for default judgment indicated service of the motion was made to the two addresses referenced in the September 13, 2011 Order.  There was no indication, however, that the summons and complaint were served at both addresses. (Doc. 16.)  Accordingly, on January 4, 2012, the Court ruled that Plaintiff had failed to comply with the September 13, 2011 Order, and denied Plaintiff's motion for default judgment.  (Doc. 20.)  The January 4, 2012 Order instructed Plaintiff to provide the Court with a proof of service of the summons and complaint on Defendant.  The Court further ordered Plaintiff to file and properly serve any amended motion for default judgment, to be noticed and heard before the undersigned, no later than February 17, 2012. (Doc. 20.)

On March 6, 2012, Plaintiff submitted a proof of service of the summons and complaint. (Doc. 21.) The proof of service stated that on February 24, 2012, process server Jimmy Vasquez of DDS Legal Support served Javier Jimenez, Vice President of TCM Financial Services LLC, by way of substitute service on "JOHN DOE," a manager apparently in charge, at 5900 S. Eastern Avenue, Suite 130, Commerce, California 90040. (Doc. 21.) On February 27, 2012, Monica Figueroa of DDS Legal Support served the same documents via United States Mail to "Javier Jimenez, Vice President, 5900 S. Eastern Ave., Ste 130, Commerce, CA 90040." (Doc. 21.)

On April 20, 2012, the Clerk of the Court entered default against Defendant, following Plaintiff's request. (Doc. 22, 23.) On May 11, 2012, Plaintiff filed the instant Motion for Default Judgment. (Doc. 26.)

**DISCUSSION**

Plaintiff has failed to comply with the Court's September 13, 2011 Order, and the Court's January 4, 2012 Order. The Court has twice ordered Plaintiff to serve the summons and complaint at the two identified addresses (5900 S. Eastern Avenue, Suite 130, Commerce, California 90040 <u>and</u> 6766 Passons Blvd., Suite C, Pico Rivera, California 90660). (Doc. 14, 20.) The proof of service of the summons and complaint submitted after the Court's second denial of Plaintiff's request for default does not indicate the Passions Boulevard address was served. (Doc. 21.) The proof of service attached to the instant Motion for Default Judgment provides complete addresses for the above-referenced locations, however, the proof of service merely states the motion for default judgment and accompanying attachments were served at these addresses; not the summons and complaint. (Doc. 26.)

Due process of law requires that defendants be afforded notice of proceedings involving their interests and an opportunity to be heard. Due process requires "notice reasonably calculated, under all the circumstances, to appraise interested parties of pendency of the action and afford them opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 314, 70 S. Ct. 652, 657 (1950). "The means employed must be such as one desirous of actually informing the (defendant) might reasonably adopt to accomplish it." *Id.* at 315.

Here, the service by Plaintiff has failed to satisfy due process. Plaintiff repeatedly has failed to serve Defendant with the summons and the complaint at addresses which may give actual notice to Defendant. This Court denies entry of default judgment because plaintiff has failed to satisfy due process requirements.

Further, Plaintiff has failed to comply with this Court's orders. Failure to comply with Court orders will subject the party to sanctions. Local Rule 110. Any additional failure to comply with this Court's order will expose Plaintiff or counsel or both to sanctions.

## CONCLUSION

Plaintiff's motion for default judgment is DENIED without prejudice. Plaintiff is admonished that the Court will not enter default judgment against Defendant until Plaintiff has demonstrated service of the summons and complaint at both addresses (5900 S. Eastern Avenue, Suite 130, Commerce, California 90040 <u>and</u> 6766 Passons Blvd., Suite C, Pico Rivera, California 90660) has been completed. Plaintiff may re-file the motion for default after providing the Court with proof of service of the summons and complaint on Defendant in a manner that complies with this Order, the Court's January 4, 2012 Order, and the Court's September 13, 2011 Order. Plaintiff shall file and properly serve any amended motion, to be noticed and heard before the undersigned, no later than August 24, 2012.

IT IS SO ORDERED.

Dated:   July 23, 2012                        /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE